CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

MARCIAL ROLANDO and BENITO GARCIA, on behalf of    :     Case No. 17-CV-6194
themselves and others similarly situated,                :

                                         :

                    Plaintiffs,           :     **FLSA COLLECTIVE**
                                         :     **ACTION and RULE**
        -against-                     :     **23 CLASS ACTION**
                                         :     **COMPLAINT**

THYME & BASIL, INC. d/b/a COLUMBUS NATURAL     :
FOOD, COLUMBUS NATURAL FOOD INC. d/b/a         :     **Jury Trial**
COLUMBUS NATURAL FOOD, ANNE COTTAVOZ,    :     **Demanded**
PAUL COTTAVOZ, and JOHN DOES 1-10,           :

                                         :

                    Defendants.        :

--------------------------------------------------------------------------------X

Plaintiffs MARCIAL ROLANDO and BENITO GARCIA (hereinafter, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against defendants THYME & BASIL, INC. d/b/a COLUMBUS NATURAL FOOD ("THYME & BASIL"), COLUMBUS NATURAL FOOD INC. d/b/a COLUMBUS NATURAL FOOD ("COLUMBUS NATURAL FOOD") (collectively, the "Corporate Defendants"), ANNE COTTAVOZ, PAUL COTTAVOZ, and JOHN DOES 1-10 (collectively, the "Individual Defendants") (the Corporate Defendants and Individual Defendants are collectively referred to as "Defendants"), and state as follows:

## INTRODUCTION

1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.     Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day that Plaintiffs' work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiffs are each residents of New York County, New York.

6.     Defendant THYME & BASIL is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at

725 Columbus Avenue, New York, New York 10025, which owns and operates a health market/restaurant doing business as Columbus Natural Food (hereinafter, the "Restaurant").

7.     Defendant COLUMBUS NATURAL FOOD is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 725 Columbus Avenue, New York, New York 10025, which owns and operates a health market/restaurant doing business as Columbus Natural Food.

8.     Upon information and belief, defendants, ANNE COTTAVOZ and PAUL COTTAVOZ are wife and husband, respectively.

9.     Defendants ANNE COTTAVOZ and PAUL COTTAVOZ are joint owners, shareholders, officers, directors, supervisors, managing agents, and proprietors of THYME & BASIL who actively participated, and continue to actively participate in the day-to-day operations of THYME & BASIL and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with THYME & BASIL.

10.     Upon information and belief, defendants ANNE COTTAVOZ and PAUL COTTAVOZ are in the process of selling (or have just recently sold) their ownership rights to the Restaurant.

11.     Since at least the beginning of the relevant six (6) limitations period beginning in August 2011 defendants ANNE COTTAVOZ and PAUL COTTAVOZ each exercised control over the terms and conditions of Plaintiffs' employment in that they had and have had the power to: (i) hire and fire employees, (ii) determine rates and methods

3

of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of the employees' employment.

12.     Since at least the beginning of the six (6) year limitations period beginning in August 2011, defendants ANNE COTTAVOZ and PAUL COTTAVOZ have been present on the premises of the Restaurant on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized or approved by them.

13.     At least within each of the three (3) most recent years relevant to the allegations in this Complaint, defendant THYME & BASIL was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

14.     Upon information and belief, defendants, JOHN DOES 1-10 are in the process of, or have recently purchased the Restaurant from defendants ANNE COTTAVOZ and PAUL COTTAVOZ.

15.     Upon information and belief, defendants JOHN DOES 1-10 are individual officers, directors and/or managing agents of the Restaurant who may have personal liability for unpaid wages under the FLSA and New York Labor Law for having acted directly or indirectly in the interest of the employer and whose true names and identities are unknown at this time.

4

16.     Upon information and belief, defendants JOHN DOES 1-10 are officers, directors, supervisors, and/or managing agents of COLUMBUS NATURAL FOOD who actively participate in the day-to-day operations of COLUMBUS NATURAL FOOD and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with COLUMBUS NATURAL FOOD.

17.     Defendant COLUMBUS NATURAL FOOD was incorporated on or about March 27, 2017.

18.     Over the past approximately three (3) weeks from the date this Complaint was filed, defendants JOHN DOES 1-10, have held themselves out as the new owners of the Restaurant.

19.     Over the past approximately three (3) weeks from the date this Complaint was filed, despite defendants JOHN DOES 1-10 holding themselves out as the new owners of the Restaurant, defendants ANNE COTTAVOZ and PAUL COTTAVOZ continue to work at the Restaurant while the transition of ownership is completed.

20.     Over the past approximately three (3) weeks from the date this Complaint was filed, defendants JOHN DOES 1-10 have each exercised control over the terms and conditions of Plaintiffs' employment in that they had and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of the employees' employment.

5

21.     Over the past approximately three (3) weeks from the date this Complaint was filed, defendants JOHN DOES 1-10 have been present on the premises of the Restaurant on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized or approved by them.

22.     Whether incorporated as Thyme & Basil, Inc. or Columbus Natural Food Inc., the business located at 725 Columbus Avenue has always operated and done business as "Columbus Natural Food."

23.     Defendants have employed Plaintiff, MARCIAL ROLANDO, as a non-exempt produce handler, stock person, and porter for Defendants' Restaurant from in or about 2010 through the present.

24.     Defendants have employed Plaintiff, BENITO GARCIA, as a non-exempt vegetable handler, stock person, and porter for Defendants' Restaurant from in or about 1999 through the present.

25.     The work performed by Plaintiffs is directly essential to the business operated by Defendants.

26.     Defendants have knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

27.     Defendants have knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

28.     Defendants have knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

29.     Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

30.     Defendants ANNE COTTAVOZ and PAUL COTTAVOZ actively participate in the day-to-day operation of the Restaurant.  For instance, Mr. and Mrs. Cottavoz personally supervise and direct the work of the employees, instruct them how to perform their jobs, and correct and/or reprimand them for any errors made.

31.     At all relevant times, Mr. & Mrs. Cottavoz have jointly created and implemented all crucial business policy.  This includes decisions concerning the number of hours employees work, the amount of pay that employees are entitled to receive, and the manner and method by which the employees are paid.

32.     Since in or about July 2017, defendants JOHN DOES 1-10 have actively participated in the day-to-day operation of the Restaurant.  For instance, defendants JOHN DOES 1-10 personally supervise and direct the work of the employees, instruct them how to perform their jobs, and correct and/or reprimand them for any errors made.

33.     Upon information and belief, defendant COLUMBUS NATURAL FOOD, is the successor to defendant THYME & BASIL.

34.     Upon information and belief, as successor, defendant COLUMBUS NATURAL FOOD acquired substantial assets of defendant THYME & BASIL and has

7

continued, without interruption or substantial change, the business operations of the predecessor THYME & BASIL.

35.    To the extent defendant COLUMBUS NATURAL FOOD is the successor to defendant THYME & BASIL, it is liable for the debts and liabilities of its predecessor defendant THYME & BASIL.

36.    In or about 2010, Plaintiff MARCIAL ROLANDO began to be employed by defendant THYME & BASIL to work as a non-exempt produce handler, stock person, and porter for Defendants' Restaurant.

37.    Plaintiff continues to work for Defendants in such capacities through the present time.

38.    Plaintiff works over forty (40) hours per week.

39.    During the relevant six (6) year limitations period beginning in August 2011 and continuing through approximately December 2016, Plaintiff worked six (6) days per week, and his work schedule consisted of eleven (11) hours per day from 6:00 a.m. until 5:00 p.m.

40.    During the relevant six (6) year limitations period beginning in August 2011 and continuing through in or about December 2014, Plaintiff did not receive proper overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of $550 per week straight time for all hours worked, and worked sixty-six (66) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

41.    Beginning in or about January 2015 and continuing through in or about December 2016, Plaintiff did not receive proper minimum wages or overtime

8

compensation. During this period, Plaintiff was paid, in cash, at the rate of $550 per week straight time for all hours worked, and worked sixty-six (66) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

42.     Beginning in or about January 2017 and continuing through the present time, Plaintiff works six (6) days per week, and his work schedule consists of nine (9) hours per day from 6:30 a.m. until 3:30 p.m.

43.     During this period, Plaintiff has not and does not receive proper overtime compensation. During this period, Plaintiff was and continues to be paid, in cash, at the rate of $600 per week straight time for all hours worked, and works fifty-four (54) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

44.     At no time during his employment has Plaintiff received a wage notice indicating his regular hourly rate of pay and corresponding overtime rate of pay.

45.     At no time during his employment has Plaintiff receive a weekly wage statement indicating his gross wages, deductions, and net wages.

46.     In or about 1999, Plaintiff BENITO GARCIA began to be employed by defendant THYME & BASIL to work as a non-exempt vegetable handler, stock person, and porter for Defendants' Restaurant.

47.     Plaintiff continues to work for Defendants in such capacities through the present time.

48.     Plaintiff works over forty (40) hours per week.

9

49.    During the relevant six (6) year limitations period beginning in August 2011 and continuing through approximately December 2016, Plaintiff worked six (6) days per week, and his work schedule consisted of eleven (11) hours per day from 7:00 a.m. until 6:00 p.m.

50.    During the relevant six (6) year limitations period beginning in August 2011 and continuing through in or about December 2013, Plaintiff did not receive proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $500 per week straight time for all hours worked, and worked sixty-six (66) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

51.    Beginning in or about January 2014 and continuing through in or about December 2016, Plaintiff did not receive proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $500 per week straight time for all hours worked, and worked sixty-six (66) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

52.    Beginning in or about January 2017 and continuing through the present time, Plaintiff works six (6) days per week, and his work schedule consists of nine (9) hours per day from 8:00 a.m. until 5:00 p.m.

53.    During this period, Plaintiff has not and does not receive proper minimum wages or overtime compensation. During this period, Plaintiff was and continues to be paid, in cash, at the rate of $500 per week straight time for all hours worked, and works

10

fifty-four (54) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

54.     At no time during his employment has Plaintiff received a wage notice indicating his regular hourly rate of pay and corresponding overtime rate of pay.

55.     At no time during his employment has Plaintiff receive a weekly wage statement indicating his gross wages, deductions, and net wages.

56.     Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

57.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

58.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

59.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

60.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since August 16, 2014 through the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

61.     Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

62.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

63.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of

12

either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

64.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

65.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.   Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

> a.     Whether Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;
>
> b.     Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;
>
> c.     What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

13

d.       Whether Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages;

e.       Whether Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.       Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.       Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

66.      Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

67.      Plaintiffs and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

68.      Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

69.      Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since August 16, 2011 through the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory minimum wages,

overtime compensation, and/or "spread of hours" premium in violation of the New York Labor Law (the "Class").

70.    Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

71.    The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

72.    Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

73.    Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

74.    Plaintiffs will fairly and adequately protect the interests of the NY Class members. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests

15

fairly and adequately, and that they must consider the interests of the Class and Collective Action Members just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class or Collective Action Members.

75.    Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and they understand that they may be called upon to testify in depositions and at trial.

76.    Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

77.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a. Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;
>
> b. Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members;
>
> c. What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;
>
> d. Whether Defendants failed to pay Plaintiffs and the Class members statutory minimum wages;

16

e.   Whether Defendants failed to pay Plaintiffs and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.   Whether Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

g.   Whether Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

h.   Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

78.   Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "77" of this Complaint as if fully set forth herein.

79.   At all relevant times, upon information and belief, the Corporate Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a)

17

and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

80. At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

81. Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, defendant THYME & BASIL had gross revenues in excess of $500,000.

82. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Collective Action Members for hours worked.

83. Defendants willfully failed to pay Plaintiffs and the Collective Action Members minimum wages in the lawful amount for hours worked.

84. Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

85. Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

86. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

18

87.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs and the Collective Action Members.

88.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

89.     Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

90.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

91.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

92.     Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

19

## COUNT II
### [Violation of the New York Labor Law]

93.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "92" of this Complaint as if fully set forth herein.

94.     At all relevant times, Defendants employed Plaintiffs and the Class members within the meaning of New York Labor Law §§ 2 and 651.

95.     Defendants knowingly and willfully violated the rights of Plaintiffs and members of the Class by failing to pay them minimum wages in the lawful amount for hours worked.

96.     Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay them overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

97.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

98.     Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay "spread of hours" premium to Plaintiffs and the Class members for each day they worked a shift in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

99.     Defendants failed to properly disclose or apprise Plaintiffs and the Class members of their rights under the New York Labor Law.

100.    Defendants failed to furnish Plaintiffs and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in

20

contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

101.   Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

102.   Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

103.   Defendants failed to notify Plaintiffs and the Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1), and New York State Department of Labor Regulations § 146-2.2.

104.   Due to Defendants' New York Labor Law violations, Plaintiffs and the Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

105.   Plaintiffs and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, MARCIAL ROLANDO and BENITO GARCIA, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium, pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

trial by jury on all issues.

Dated: New York, New York
August 16, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Marcial Rolando _____, am an employee currently or formerly employed by Columbus Natural Food _____, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
____8/14____, 2017

_____

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Benito Garcia _____, am an employee currently or

formerly employed by Columbus Natural food _____, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___8/14_____, 2017